UNITED STATES DISTRICT COURT
for the
Western District of Wisconsin

IN RE ADMINISTRATIVE WARRANT OF: )
)
PACKERS SANITATION ) Case No.: 22 MC 08
SERVICES, INC. LTD. )
3681 Prism Lane )
Kieler, Wisconsin 53812 )
) **<u>SEALED</u>**
)

**MEMORANDUM OF LAW IN SUPPORT OF THE
<u>SECRETARY OF LABOR'S APPLICATION FOR AN INSPECTION WARRANT</u>**

MARTIN J. WALSH, Secretary of Labor, United States Department of Labor ("Secretary"), submits this memorandum of law in support of his application for an administrative inspection warrant pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, (the "FLSA" or the "Act").

Section 11(a) of the FLSA bestows broad authority upon the Secretary to search private property. The Act expressly authorizes the government to "enter and inspect" businesses in order to conduct investigations:

> [t]he Administrator or his designated representatives may investigate and gather data regarding the wages, hours, and other conditions and practices of employment in any industry subject to this chapter, and may enter and inspect such places and such records (and make transcriptions thereof), question such employees, and investigate such facts, conditions, practices, or matters as he may deem necessary or appropriate to determine whether any person has violated any provision of this chapter, or which may aid in the enforcement of the provisions of this chapter.

29 U.S.C. § 211(a).

It is well established that regulatory agencies such as the DOL are "authorized to apply for a warrant to execute a statutory grant of inspection authority." *U.S. v. M/V Sanctuary*, 540 F.3d 295, 300 (4th Cir. 2008) (*citing Marshall v. Barlow's, Inc.*, 436 U.S. 307, 325 & n.23 (1978)); *see*

1

*also*, *e.g.*, *Donovan v. Enter. Foundry, Inc.*, 751 F.2d 30, 32 (1st Cir. 1984) (holding that issuance of administrative warrant to DOL was appropriate); *Miller Tube Corp. of Am.*, No. 78 C 1591, 1978 WL 17174, at *2 (E.D.N.Y. Oct. 11, 1978) (upholding validity of warrant issued to DOL). *Accord Chao v. Local 743, Int'l Broth. of Teamsters, AFL-CIO*, 467 F.3d 1014, 1018 (7th Cir. 2006) (recognizing Secretary's broad investigatory authority under similar language in the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 521(a)).

In interpreting an analogous inspection provision under the Occupational Safety and Health Act of 1970, 29 U.S.C. § 657, ("OSHA"), the Supreme Court affirmed the Secretary's authority to obtain administrative warrants. In *Marshall v. Barlow's Inc.*, 436 U.S. 307 (1978), the Supreme Court ruled that where an employer objects to a government agency's inspection, the Fourth Amendment's warrant requirement allows for "assurances from a neutral officer that the inspection is reasonable under the Constitution, is authorized by statute, and is pursuant to an administrative plan containing specific neutral criteria." 436 U.S. at 323. Administrative warrants need only satisfy a much lower standard of probable cause than those in the criminal context. *National-Standard Co. v. Adamkus*, 881 F.2d 352, 361 (7th Cir. 1989). As the Supreme Court noted:

> Probable cause in the criminal law sense is not required. For purposes of an administrative search such as this, probable cause justifying the issuance of a warrant may be based not only on specific evidence of an existing violation, but also on a showing that "reasonable legislative or administrative standards for conducting an . . . inspection are satisfied with respect to a particular [establishment]."

436 U.S. at 320-21 (citations and footnotes omitted). Under this liberal evidentiary standard for administrative warrants, probable cause may be shown by offering "evidence sufficient to support a reasonable suspicion of a violation." *West Point-Pepperell, Inc. v. Donovan*, 689 F.2d 950, 958 (11th Cir. 1982); *see also Matter of Midwest Instruments Co.*, 900 F.2d 1150, 1153 (7th Cir. 1990). Accordingly, courts have held that administrative warrants are appropriate where there is "specific

evidence of an existing violation" of the law. *National-Standard*, 881 F.2d at 361; *see also Martin v. Int'l Matex Tank Terminals-Bayonne*, 928 F.2d 614, 622 (3d Cir. 1991); *Eisenberg v. Wall*, 607 F. Supp. 2d 248, 254 (D. Mass. 2009) ("[A]dministrative warrants are justified where there is specific evidence of an existing violation of an administrative code or safety regulation.").

In this case, a warrant is justified because DOL has received credible information that supports a reasonable suspicion that Packers Sanitation Services, Inc. Ltd. ("PSSI") is committing violations of the FLSA. Specifically, the Secretary has received credible information that PSSI employs minor workers at its Grand Island, Nebraska, worksite in violation of the child labor provisions of the FLSA. *See* Affidavit of Shannon Rebolledo, at ¶¶11-16. This includes a reasonable suspicion of minors working excessive and/or overnight hours and potentially working in hazardous occupations. *Id.* Records relating to PSSI's employment of minors are reasonably expected to be found at PSSI's corporate office in Kieler, Wisconsin. *Id.* at ¶¶ 18-19.

The Secretary has authority to obtain *ex parte* warrants, without delay and without prior notice. *See Barlow's, Inc.*, 436 U.S. at 320; *National-Standard Co.*, 881 F.2d at 363 (noting "ex parte proceedings are the normal means by which warrants are obtained in both criminal and administrative actions"); *Bunker Hill Co. Lead & Zinc Smelter v. U.S. Environmental Protection Agency*, 658 F.2d 1280, 1285 (9th Cir. 1981); *Stoddard Lumber Co. Inc. v. Marshall*, 627 F.2d 984, 990 (9th Cir. 1980); *cf. Boliden Metech, Inc. v. United States*, 695 F. Supp. 77, 82 (D.R.I. 1988) (*ex parte* warrant valid under similar EPA statute). An *ex parte* warrant is necessary here to achieve the element of surprise and prevent PSSI from manipulating or disposing of records in anticipation of the inspection.

Since the proposed inspection is reasonable under the Constitution, is authorized by the FLSA, and sufficient evidence of existing violations has been presented, the warrant applied for herein should be granted.

Respectfully submitted,

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor


*/s/ Julia Napier*
**JULIA M. NAPIER**
Trial Attorney (IL 6319395)

U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street, Rm. 844      Attorneys for Martin J. Walsh,
Chicago, Illinois 60604                 Secretary of Labor, United States
Telephone: (312) 353-5759               Department of Labor
Email: napier.julia.m@dol.gov,
       sol-chi@dol.gov