# AFFIDAVIT

STATE OF WISCONSIN  )
                    ) ss.
DANE COUNTY         )

I, SHANNON REBOLLEDO, declare pursuant to 28 U.S.C. § 1746 under penalty of perjury that the following is true and correct:

1. I am employed by the Wage and Hour Division ("Wage and Hour") of the United States Department of Labor (the "DOL") as a Regional Enforcement Coordinator for the Chicago Regional Office. I have held that role since July of 2021.

2. I began as a Wage and Hour Investigator in May 2005. As part of my training, I attended Wage and Hour's Basic I and II Investigator trainings, which include training on the fundamentals of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. (the "FLSA" or the "Act") and its child labor provisions. As an investigator, I conducted investigations of employers under the various laws that Wage and Hour is charged with enforcing, including the FLSA. In May 2010, I was promoted to Assistant District Director for Wage and Hour's Wichita Area Office, part of the Kansas City District Office, a position I held until July 2021, when I was promoted to Regional Enforcement Coordinator, ATV (Accountability Reviews, Training, and Virtual Call Center).

3. I have been involved in hundreds of cases over the last 17 years, both as lead investigator and supervisor, that had child labor components to them. These include cases in which minors were injured working in hazardous occupations, working outside allowed hours, or in excess of the maximum daily or weekly hours standard. I now regularly train new investigators on the child labor standards as part of our national training team.

4.      The information contained in this affidavit is based on my training and experience, my personal knowledge and observations during the course of the investigation involving Packers Sanitation Services, Inc. Ltd. ("PSSI"), as well as information provided to me by confidential sources. Because this affidavit is submitted for the limited purpose of obtaining an inspection warrant, I have not included every fact of which I am aware.

### *Background*

5.      Wage and Hour is responsible for investigating employers for compliance with the FLSA. Wage and Hour is permitted to investigate the employment of minors pursuant to Section 211(a) of the FLSA.  29 U.S.C. §§ 211(a), 212(b).

6.      Based on my knowledge and experience, I am aware that some employers utilize child labor in violation of the provisions of the FLSA, including employing minors in hazardous occupations that could result in injury and requiring minors to work night shifts or excessive hours.

7.      The FLSA regulations at 29 C.F.R. Part 570 set forth specific limitations on the employment of minors.  This includes hours standards, 29 C.F.R. § 570.35(a), prohibiting minors from working outside the hours of 7 a.m. and 7 p.m. and prohibitions on the employment of minors working in facilities processing meat and in certain hazardous occupations, *id.* § 570.33, 570.51-570.68, specifically cleaning meat processing equipment, *id.* § 570.61(4).

8.      Based on my knowledge and experience, I am also aware of employers who move, hide or coach minor employees when Wage and Hour investigates potential child labor violations. This is especially common when the minors are under the legal age to work in that occupation and are without authorization to work.

*The Department Has Probable Cause to Believe PSSI is Violating the FLSA*

9. Packers Sanitation Services, Inc. Ltd. ("PSSI") is a cleaning and sanitation company that provides contract work at meat-processing facilities in a variety of states. PSSI's principal office is located at 3681 Prism Lane, Kieler, Wisconsin, 53812.

10. My office initiated an investigation of PSSI on August 24, 2022. I have been assisting in the investigation as a subject matter expert.

11. As part of my investigation, I reviewed documents from confidential sources. The Department of Labor does not wish to endanger the health, safety, or privacy of any minor involved in this matter. Accordingly, I will only disclose facts that will not allow the minors involved to be identified.

12. These documents and information from confidential sources, detailed below, show that at least four minor workers are working for PSSI at JBS Foods' Grand Island, Nebraska, beef production facility (555 South Stuhr Rd., Grand Island, NE 68801).

13. Those documents, generated in the summer of 2022, include a police report detailing a minor suffering chemical burns as a result of their work for PSSI. The police report included a declaration from the responding officer describing what the minor told him and his own observations. The officer observed and photographed the minor's injuries. The officer reported that the minor stated that they had hurt themselves at work, and that they work for PSSI. The officer further stated that the minor reported working for PSSI as a sanitation worker cleaning the plant and that they work from 11 p.m. to 6:00 a.m., Monday through Friday.

14. I spoke with school officials of Grand Island Public schools—including a school social worker, a school nurse, a school resource officer, and the director of the school's English

Language program—on August 31, 2022. They reported that many local minors work night shifts for PSSI and were made aware of this due to first-hand accounts from students and from conversations overheard between students regarding their work for PSSI during the overnight shift. They also reported observing that students they knew to be working for PSSI to be very tired during the school day.

15. I reviewed records kept by the school, including birth certificates, to confirm the ages of minors believed to be working for PSSI, including the minor referenced in the police report described above. These records confirmed the students alleged to be working at PSSI are minors as defined by the FLSA and related regulations.

16. Based on the documents and sources referenced herein, I believe PSSI is committing child labor violations of the FLSA at the JBS facility in Grand Island, Nebraska and potentially at other facilities.

17. I was previously involved in a 2015-2017 investigation of PSSI regarding its worksite in Liberal, Kansas. In that matter, it was suspected that minors were working under false identification. During that investigation, various records were requested from PSSI. PSSI's corporate office in Kieler, Wisconsin responded to the records requests, but PSSI did not produce all records. Additionally, as a subject matter expert, I am aware of industry members comparable to PSSI refusing to produce records and going as far as physically concealing minor workers during an investigation.

18. As PSSI's corporate office, the facility in Kieler, Wisconsin, is believed to have records relating to the employment of all PSSI workers nationally, including minors, who are engaged in work at meat processing facilities.

19. Based on my past experience with companies that engage in violations, as well as the history of contact with PSSI, I believe that if Wage and Hour contacts PSSI to ask for the records requested in this Warrant, PSSI may attempt to conceal or destroy those records.

20. The records Wage and Hour seeks to gather from PSSI, which are set forth in the Attachment A, are relevant to Wage and Hour's investigation of PSSI's compliance with the FLSA, including information about the identification and age of workers, their hours worked, the locations of work, the type of work minors and other workers are engaged in, and rates of pay.

## *Conclusion*

21. I submit that this affidavit supports probable cause for a warrant to search the premises described in Attachment A and seize the items described in Attachment B.

Dated this 4 day of October, 2022

_____

SHANNON REBOLLEDO
Regional Enforcement Coordinator
U.S. Department of Labor
Wage and Hour Division


Sworn to before me telephonically on this _____ day of October, 2022.


_____

HONORABLE STEPHEN L. CROCKER

United States Magistrate Judge

5